

FILED
Oct 15, 2019
01:30 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD
### (HEARD OCTOBER 1, 2019, AT NASHVILLE)

| | | |
|---|---|---|
| Bobby Williams | ) | Docket No. 2019-06-0268 |
| | ) | |
| v. | ) | State File No. 71924-2017 |
| | ) | |
| CoreCivic, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

## Affirmed and Remanded

---

This interlocutory appeal concerns the employee's right to have his own physician present for an examination performed by a physician selected by the employer. The employer filed a motion to compel the employee to submit to an examination by the employer's physician pursuant to Tennessee Code Annotated section 50-6-204(d)(1) (2018). The employee agreed to the requested examination, but asserted that his statutory right to have his own physician present permitted his physician's observing the examination via videoconference. The trial court granted the employer's motion to compel the employee to attend the examination but determined the statute giving the employee the right to have his own physician present contemplated only the physician's physical presence at the examination. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Steven Fifield, Hendersonville, Tennessee, for the employee-appellant, Bobby Williams

Peter Frech and Alex Morrison, Brentwood, Tennessee, for the employer-appellee, CoreCivic

## Factual and Procedural Background

Bobby Williams ("Employee") worked for CoreCivic ("Employer") as a corrections officer in Hartsville, Tennessee. On September 6, 2017, Employee was injured in the course and scope of his employment when he was assaulted by an inmate. In addition to physical injuries, Employee alleged he suffered a mental injury as a result of the assault. Employer accepted the claim as compensable and provided Employee with a panel of psychiatrists from which Employee selected Dr. Greg Kyser as his treating psychiatrist. Dr. Kyser treated Employee for his psychiatric complaints, ultimately placing Employee at maximum medical improvement on February 14, 2019 and assessing a ten percent impairment rating. After reviewing Dr. Kyser's report, Employer requested that Employee submit to a medical examination by Dr. Keith Caruso, a physician designated by Employer as contemplated in Tennessee Code Annotated section 50-6-204(d)(1).

Employee agreed to schedule the evaluation with Dr. Caruso and requested that Dr. Kyser be present at the evaluation. Citing concerns related to transportation and the cost of Dr. Kyser closing his office for the day, Employee sought to coordinate live-streaming so Dr. Kyser could attend the evaluation remotely. Employer objected to the examination being live-streamed and filed a motion to compel the medical examination and to bar any live-steaming or videotaping, contending the provision in Tennessee Code Annotated section 50-6-204(d)(1) allowing Employee's physician to be present for the examination was limited to the physician's physical presence at the examination. Employee responded that live-streaming was within the meaning of Tennessee Code Annotated section 50-6-204(d)(1) because a "live video stream presence of the doctor operates the exact same way as an in-person scenario." Employee further argued that the plain meaning of "present" in the statute does not require the physician's physical presence.

Following a hearing on Employer's motion, the trial court granted the motion and ordered Employee to submit to an examination, but limited Employee's physician to in-person attendance at the examination. The trial court concluded that the statute in question was not ambiguous and that allowing the physician to attend remotely would expand the statute beyond its plain meaning. Employee has appealed.

## Standard of Review

The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). However, we are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of

statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

Employee raises a single issue on appeal: whether the trial court erred in determining that Tennessee Code Annotated section 50-6-204(d)(1) is unambiguous and requires the physical presence, rather than presence via videoconferencing, of an employee's physician who is to be present at an examination by the employer's physician.

We recently addressed this issue in *Caldwell v. Federal Mogul Motorsports Corp.*, No. 2019-04-0074, 2019 TN Wrk. Comp. App. Bd. LEXIS __ (Tenn. Workers' Comp. App. Bd. Oct. 11, 2019), with which this case was consolidated for purposes of oral argument. In that case, we noted the issue to be one of first impression, stating:

> With no precedent to guide us, we are required to consider the plain and ordinary meaning of the statutory language, and we must "avoid a construction that unduly restricts or expands the meaning of the language used." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *8 (Tenn. Workers' Comp. App. Bd. May 18, 2015). When the words in a statute "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them." *Pfizer, Inc. v. Johnson*, No. M2004-00041-COA-R3-CV, 2006 Tenn. App. LEXIS 44, at *7 (Tenn. Ct. App. Jan. 23, 2006). We conclude there is no reasonable interpretation of the phrase "present at the examination," as used in the context of this statute, that includes an individual's electronic observation from a remote location.

> The language in question, indicating that an employee "must submit" to an examination if requested by an employer "at all reasonable times," and that the employee "shall have the right to have the employee's own physician present at the examination," has been part of the Tennessee Workers' Compensation Law since the passage of the original "Workmen's Compensation Act" in 1919. In considering the plain and ordinary meaning of the word "present," we note that Black's Law Dictionary defines the word to mean "[i]n attendance, not elsewhere." Black's Law Dictionary (10th ed. 2014). Obviously, the Tennessee General Assembly in 1919 had no concept of live-streaming, video-conferencing, or any other method by which someone could participate in a meeting electronically from a remote location because such technology did not exist. The language in question has undergone almost no change since 1919 despite numerous amendments to the workers' compensation law, and we have discovered no legislative

3

history indicating any intent to adjust the meaning of the language in the last one hundred years. If such an adjustment in meaning is intended, it is up to the General Assembly, not the courts, to express it.

. . . .

In short, there are no statutes, rules, or regulations providing for the video-conferencing of a medical examination pursuant to Tennessee Code Annotated section 50-6-204(d)(1). There are no rules or regulations explaining the manner in which such video-conferencing would be arranged, conducted, or secured. There are no rules or regulations governing who bears the expense of arranging and conducting such a video-conference. Consequently, with no statutes, rules, or regulations in place governing this practice, we decline to create a "right" to insist on the video-conferencing or live-streaming of a medical examination. The creation of such a right, if deemed appropriate, is a function historically reserved for the legislature.

*Id.* at *__ (footnotes omitted).

Consistent with our rationale in *Caldwell*, we affirm the trial court's conclusion that Tennessee Code Annotated section 50-6-204(d)(1) does not contemplate allowing an employee's physician to be "present" at an employer's examination via videoconference.

## Conclusion

We affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**(HEARD OCTOBER 1, 2019, AT NASHVILLE)**

| | | |
|---|---|---|
| Bobby Williams | ) | Docket No. 2019-06-0268 |
| | ) | |
| v. | ) | State File No. 71924-2017 |
| | ) | |
| CoreCivic, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Steven C. Fifield | | | | X | steven@rockylawfirm.com |
| Peter Frech | | | | X | ppfrech@mijs.com |
| Alex B. Morrison | | | | X | abmorrison@mijs.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov